MATTER OF IZDEBSKA

In Visa Petition Proceedings

A-14744930

*Decided by Regional Commissioner December 20, 1966*

Visa petition to accord beneficiary preference classification under section 203(a) (6), Immigration and Nationality Act, as amended by P.L. 89-236, as a general (live-in) maid, to assist petitioner's ailing wife in the performance of household duties, is denied for failure to establish that he actually desires and intends to so employ beneficiary since the only previous domestic help engaged by him has been on a once-a-month basis, despite his wife's illness; it has not been established that the situation, nature, or volume of work to be performed have substantially changed to now require an individual in such capacity; further, petitioner states that beneficiary will go to school during the day and will assist his wife when not attending classes which is not in accord with the position specification of full-time domestic set forth in the Department of Labor certification.

This matter is before the Regional Commissioner on appeal from the denial of the visa petition to accord the beneficiary preference classification under section 203(a)(6) of the Immigration and Nationality Act, as amended.

The petitioner seeks the services of a general maid to clean house, cook and do some ironing. Form ES-575B, "Job Offer for Alien Employment", which has been submitted in this case contains the required certification of the Department of Labor as to the unavailability of workers in the United States to perform such labor. It is further reflected therein that the job does not call for any special education, training or experience; that the alien will assist the petitioner's wife, who has been ill, in the performance of household duties; that the rate of pay for the position is $45 per forty-hour week, plus room and board; that she would work daily from 8:00 a.m. to 6:00 p.m.

The beneficiary is an unmarried Polish citizen, born October 29, 1948 at Niwbieszczany, Poland. The petition shows her occupation as "student and domestic" and states that "she is a young girl who will attend school and do housework". Form ES-575A, "Statement of Qualifications of Alien", reflects that the beneficiary has attended school

through the eighth grade and has assisted her mother with household duties.

The petitioner was interviewed at the Boston Office of this Service at which time he stated that he and his wife occupy an eight-room apartment in the six-family house which he owns; that he earns approximately $10,000 a year, such income being derived from house rentals and from operation of his secondhand furniture store; that the beneficiary (who is his niece) will go to school days, primarily to learn English, and will assist with the housework; that he and his wife have not previously employed a live-in domestic but have hired a person once a month to help with the cleaning. It has been further asserted on appeal that the petitioner's spouse is sixty-three years old and has not been well since she had a gall bladder operation about three years ago; that, in addition, she has three ruptures and can hardly walk; that she will need constant help for the rest of her life.

The entire record in this case has been very carefully considered in the light of the representations made on appeal. It is noted that the only domestic help which the petitioner has engaged heretofore has been on a once-a-month basis despite his wife's illness. It has not been substantiated that the situation has changed to the extent that the services of a sleep-in maid are now required, or that the nature and volume of the work to be performed justifies the employment of an individual in such capacity. We further find that the labor certification submitted in this matter reflects that the position calls for a full-time domestic worker during daylight hours. The petitioner has advised on interview, however, that the beneficiary will go to school during the day and will assist his wife with household duties when she is not attending classes.

In view of the foregoing, we do not find it has been satisfactorily established that the petitioner actually desires and intends to engage his niece as a general maid and that such employment will be in accordance with the conditions set forth in the Department of Labor certification. The decision of the District Director, therefore, will be affirmed.

*It is ordered* that the denial of the visa petition be and same is hereby affirmed.